UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

689 EATERY CORP., etc., *et ano.,*                    :
                Plaintiffs,

                                            :

        - against -                                      Civil Action No.
                                            :         02 CV 4431 (LJL)

THE CITY OF NEW YORK, et al.,
                Defendants..   :
-----------------------------------------------------------------X

59 MURRAY ENTERPRISES INC., etc., *et al.,*     :
                Plaintiffs,

                                            :

        - against -                                      Civil Action No.
                                            :         02 CV 4432 (LJL)

THE CITY OF NEW YORK, et al.,
                Defendants.   :
-----------------------------------------------------------------X

CLUB AT 60TH STREET, INC., etc., *et al.,*          :
                Plaintiffs,

                                            :

        - against -                                      Civil Action No.
                                            :         02 CV 8333 (LJL)

THE CITY OF NEW YORK,
                Defendant.   :
-----------------------------------------------------------------X
336 LLC., etc., *et al.,*                              :
                Plaintiffs,

                                            :

        - against -                                      Civil Action No.
                                            :         18 CV 3732 (LJL)

THE CITY OF NEW YORK, *et al.,*
                Defendants.   :
-----------------------------------------------------------------X

## SECOND SUPPLEMENTAL JOINT STATEMENT OF FACTS
### (January 20, 2023)

Except to the extent any facts below are described simply as "uncontroverted," the following are agreed to by all parties as stipulated facts binding in all further proceedings herein, including trial.  This stipulation supplements the Joint Statement of Facts filed in all four actions herein on May 23, 2022, as well as the Supplemental Joint Statement of Facts filed in all four actions on September 8, 2022.  Uncontroverted facts, although not stipulated, may be used by all parties the same as stipulated facts.  However, this stipulation does not represent, and shall not be construed to represent, an agreement by all parties that each and every stipulated or uncontroverted fact is material and/or relevant to the claims at issue herein.

### Second Supplemental Joint Stipulations of Fact

1. Based on data collected in December 2019, the New York City Department of City Planning ("DCP") created a list of 1,703 sites on which it contends an adult establishment may operate. According to the DCP, a minimum of 245 of those sites could be simultaneously occupied by adult establishments.  That list is found at 2022 Judicial Notice Request ("JNR"), Exhibit 71.

2. DCP did not conduct in person inspections of these sites. DCP contends that its staff reviewed over 2,200 sites using various computer programs, and their knowledge of the areas.  DCP contends that eight DCP staff each reviewed approximately 275 lots.  These staff members were directed to check the ownership and use of each lot by use of tax records described herein and exclude lots that were publicly owned or appeared to contain a house of worship, a school, major infrastructure (such as railways, heliports, or roads) or major utilities (such as Con Edison, National Grid, or Port Authority) in active use.   Staff were also directed to exclude lots without street frontage or that appeared too irregular to

develop.  If the reviewer was uncertain about whether the use was an excluded use, the reviewer was directed to identify the lot as questionable.  Of the 2,217 lots reviewed by DCP planners, 514 were excluded as either fitting the above criteria or questionable.  The remaining 1,703 lots were identified as available for adult use establishments.

3.  DCP contends that it expended numerous resources conducting this review of over 2,200 lots.  DCP contends that, in addition to the eight DCP staff members that reviewed over 2,200 lots, DCP's data engineering team created a proximity model to determine the number of available lots if adult establishments sought to simultaneously relocate to the 1,703 lots.  The entire project was overseen by DCP's Geographic Information System ("GIS") Team lead and Open Data Coordinator, Matthew Croswell, who performed an extensive GIS analysis; Mr. Croswell consulted with DCP's General Counsel.

4.  DCP has not updated the data used to compile the list of sites which it contends are available for adult establishments (contained in JNR, Exhibit 71) since December 2019. DCP contends that such an update would not change the results in any substantial manner since there has only been one major re-zoning since December 2019 (that was not taken into account in DCP's analysis), and the Soho-NoHo rezoning in Manhattan that did not result in any significant decrease in the number of available lots.  If such an update were to be done, it would include sensitive receptors and adult establishments that were created after December 2019 as well as omit sensitive receptors and adult establishments that ceased use after December 2019

5.  DCP created the list contained in JNR, Exhibit 71 (the list of 1,703 sites it contends are legally permissible for new or relocating adult establishments) in part using a geospatial

dataset known as MapPluto version19v2.  MapPluto 19v2 is a tax lot data file that contains

over seventy data fields derived from various source data files maintained by various City

agencies.

6.  MapPluto 19v2 was the primary source DCP used to identify houses of worship that would

disqualify the location of an adult establishment within 500 feet.

7.  MapPluto 19v2 establishes the land use of a particular tax lot by referring to the tax lot's

land use code, which is based on the New York City Department of Finance tax

categorization.  DCP contends that MapPluto 19v2 identifies 857,298 lots in New York

City.

8.  In creating the list of 1,703 properties contained in JNR, Exhibit 71, DCP contends that it

removed any tax lots that are located in or within 500 feet of the following Zoning Districts:

any Residential district, C1, C2, C3, C4, C5, C6-1, C6-2, C6-3 Commercial districts, and

M1-5A, M1-58, M1-5M, M1-6M, and M*D Manufacturing districts.[1]

9.  MapPluto 19v2 also contains a building class for each tax lot.  This code identifies the

major use of structures on the tax lot.

10. MapPluto 19v2 identifies certain houses of worship or other structures associated with

religious practices, such as non-residential mission houses, parsonages, rectories and

convents, using the following building codes: M1, M2, M3, M4, M9.  Lots with one of the

above-mentioned building codes were excluded regardless of whether the building code

identified a house of worship (which is a sensitive receptor in that the Zoning Resolution

---

[1] DCP buffered all C5 districts even though only C5-1 must be buffered, and also buffered M1-6M districts even though those districts are not required to be buffered.

specifically prohibits adult establishments from locating within 500 feet of them, *see e.g.*, ZR § 32-01(a)) or other structures associated with religious practices (which are not sensitive receptors in that the Zoning Resolution does not prohibit adult establishments from locating within 500 feet of them).   The term "house of worship" replaced the term "church" in the Zoning Resolution in 2004.  The term "house of worship" is not defined in the Zoning Resolution. The Zoning Resolution separately identifies the use group for houses of worship (see ZR § 22014) and the use groups for monasteries, convents, novitiates, rectories and parish houses (*see* ZR §§ 22-13, 22-14).  To the extent the ZR's adult use zoning restrictions mention a "house of worship" as a sensitive receptor which disqualifies an adult use establishment within 500 feet, a site's use group classification is not necessarily controlling of the zoning question of whether it is a "house of worship."

11. Where a tax lot contains multiple structures or multiple uses within a single building or tax lot, the building class code indicates that the lot contains mixed uses without specifically identifying each underlying use.  There are several building codes that represent multiple uses, or a mix of uses, assigned to a tax lot.  These include S0, S1, S2, S3, S4, S5, S9, RC, RD, RM, RX and RZ. DCP contends that MapPluto 19v2 identifies 37,104 mixed use building code lots in New York City (four percent of the total lots in New York City).

12. The building class codes for mixed uses do not specify whether a house of worship is contained in the structure.

13. In determining whether a site enumerated on the JNR, Exhibit 71 list was within 500 feet of a house of worship, DCP considered as potential houses of worship only lots with building class codes M1, M2, M3, M4, and M9.  DCP did not consider lots with building

class codes S0, S1, S2, S3, S4, S5, S9, RC, RD, RM, RX and RZ for this purpose. DCP

contends that of the 37,104 mixed use building code lots, 96 percent (35,595) are in one of

the zoning districts that do not allow adult establishments.  Of the remaining 1,509 mixed

use building code lots, 1,427 lots are in areas that do not permit adult establishments

because they are within a 500-foot buffer of a sensitive receptor.  Of the remaining 82

mixed use building code lots, DCP contends that only 43 lots are in areas that fully permit

adult establishments, and a portion of 39 lots are in areas where at least part of the lots are

zoned to permit adult establishments.  DCP also contends that 65 of this total of 82 lots

were eliminated as potential sites for adult establishments during DCP's in-office review

of 2,200 plus lots as described in paragraphs 2 and 3 above.  DCP contends that only 17

lots of the 1,703 allowed lots where adult establishments could be located have mixed use

building class codes that could potentially contain a house of worship.   DCP further

contends that if hypothetically all of the 82 lots contained houses of worship, an additional

412 lots of the 1,703 would not be available for adult establishments as they would be

within 500 feet of a sensitive receptor, i.e., house of worship.

14. In DCP staff's in-office review of over 2,200 sites (described in ¶ 2 above), lots that

appeared to the reviewer to contain a house of worship based on their building class code

were excluded from the list of lots available for adult establishments.


Dated: January 20, 2023                       Respectfully submitted,

                                              **JEFFREY M. NYE, ESQ.**
                                              *Lead Counsel for Plaintiffs in*
                                              *02 Civ 4431 (LJL)*
                                              Stagnaro, Saba & Patterson Co., LPA


6

7373 Beechmont Avenue
Cincinnati, OH 45230
(513) 533-6714
*jmn@sspfirm.com*

-and-

**AMIT SHERTZER, ESQ.**
**MITCHEL SCHUSTER, ESQ.**
*Local Counsel for Plaintiffs in*
*02 Civ 4431 (LJL)*
Meister Seelig & Fein PLLC
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
*as@msf-law.com*
*ms@msf-law.com*


By:     s/Jeffrey M. Nye
            Jeffrey M. Nye

7

**EDWARD S. RUDOFSKY, ESQ.**
*Counsel for Plaintiffs in*
*02 Civ 4432 (LJL)*
Zane and Rudofsky
Five Arrowwood Lane
Melville, NY 11747
(917) 913-9697
*ed@rudofskylaw.com*

By:   s/Edward S. Rudofsky
       Edward S. Rudofsky


**G. RANDALL GARROU, ESQ.**
**JEROME M. MOONEY, ESQ.**
*Lead Counsel for Plaintiffs in*
*02 Civ 8333 (LJL)*
Weston Garrou & Mooney
12121 Wilshire Blvd # 525
Los Angeles, CA 90025
(310) 442-0072
*randygarrou@wgdlaw.com*
*jerrym@mooneylaw.com*

-and-

**ALAN ABRAMSON, ESQ.**
*Local Counsel for Plaintiffs in*
*02 Civ 8333 (LJL)*
Abramson & Morak
35 Worth Street, # 3
New York, NY 10013
(212) 226-7098
*alanabramson@abramsonmorak.com*

By:   s/G. Randall Garrou
       G. Randall Garrou

**ERICA T. DUBNO, ESQ.**
*Counsel for Plaintiffs in*
*18 Civ 3732 (LJL)*
Fahringer & Dubno
43 West 43rd St #261
New York, NY 10036
(212) 319-5351
*erica.dubno@fahringerlaw.com*


By:    s/Erica T. Dubno
          Erica T. Dubno



**SHERYL NEUFELD, ESQ.**
**MARK MUSCHENHEIM, ESQ.**
**KERRI DEVINE, ESQ.**
*Counsel for Defendants in*
*All Actions*
Office of NYC Corporation Counsel
NYC Law Department
100 Church Street
New York, NY 10007
(212) 356-1000
*sneufeld@law.nyc.gov*
*mmuschen@law.nyc.gov*
*kdevine@law.nyc.gov*

By:    s/Mark Muschenheim
          Mark Muschenheim