UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

CLUB AT 60TH STREET, INC., et al.,

                Plaintiffs,

                -against-

THE CITY OF NEW YORK,

                Defendant.

02 Civ. 8333 (LJL)

-------------------------------------------------------------------

725 EATERY CORP., et al.,

                Plaintiffs,

                -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

02 Civ. 4431 (LJL)

-------------------------------------------------------------------

59 MURRAY ENTERPRISES, INC., et al.

                Plaintiffs,

                -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

02 Civ. 4432 (LJL)

-------------------------------------------------------------------

336 LLC, et al.,

                Plaintiffs,

                -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

18 Civ. 3732 (LJL)

-------------------------------------------------------------------

## **DECLARATION OF DCP ZONING DIRECTOR FRANK RUCHALA, JR.**

FRANK RUCHALA, JR., declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

1. I am the Zoning Director for the Department of City Planning ("DCP"). I have held my current position since July 2019. Previous to this, I was the DCP Deputy Zoning Director between 2014 and 2019. I worked in the DCP Manhattan Office as a City Planner between 2007 and 2014.

2. Among my responsibilities at DCP, I manage the 14-person Zoning Division and its workload, which includes overseeing amendments to the Zoning Resolution that can apply citywide or only to certain areas or neighborhoods. I often deal with questions about the Zoning Resolution's non-conforming use regulations from practitioners and other agencies, as well as when DCP develops new zoning changes, such as with recent efforts to support pandemic recovery. Based on my years of experience at DCP, I am familiar with non-conforming uses that are created as a result of zoning changes.

3. I submit this declaration in opposition to the plaintiffs' motions for partial summary judgment. I base this declaration on my personal knowledge, my review of DCP's records and those of other agencies of the City of New York, and my conversations with DCP employees.

4. When the Zoning Resolution is amended, such amendments on occasion affect properties that engage in activities that no longer conform to the applicable Zoning Resolution (such properties are known as non-conforming uses). In those cases, typically the Zoning Resolution permits non-conforming uses to remain subject to certain restrictions such as limitations on structural alterations (ZR 52-22), on changes to non-conforming uses (ZR 52-30)

and on enlargements or extensions (ZR 52-40); also, if a non-conforming use is not active for two-years it is generally not allowed to reopen (ZR 52-60).

5. Such non-conforming uses frequently are created not as a result of particular concerns about those uses. Rather, the City has identified that a particular area or neighborhood would benefit by changing the allowable uses. For instance, an area that no longer bustles with manufacturing activity could be rezoned for residential use, such as in the recent Gowanus and SoHo/NoHo rezonings. That such a rezoning could result in non-conforming manufacturing uses does not mean that those manufacturing uses must terminate, since the Zoning Resolution allows many uses to remain in operation because those uses do not have negative secondary effects beyond their property line.

6. In contrast, the Zoning Resolution has identified certain non-conforming uses that do have negative secondary effects, and thus must cease operation after a period of time to permit the owner of the non-conforming use property to recoup its investment (known as an amortization provision). As the Zoning Resolution's Purpose of Regulations Governing Non-Conforming Uses and Non-Complying Buildings states: "In the case of a few objectionable non-conforming uses which are detrimental to the character of the districts in which such uses are located, a reasonable statutory period of life is established for such uses, in order to permit the owner gradually to make his plans for the future during the period when he is allowed to continue the non-conforming uses of his property, thereby minimizing any loss, while at the same time assuring the public that the district in which such non-conformity exists will eventually benefit from a more nearly uniform character." Zoning Resolution 51-00

Dated: New York, New York
March 28, 2023

FRANK RUCHALA, JR.

3