UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | | |
|---|---|---|
| 725 EATERY CORP, etc., *et ano.*, | : | Civil Action No. 02 CV 4431 (LJL) |
| Plaintiffs, | | |
| | : | [rel 02 CV 4432 (LJL)] |
| - against - | | [rel 02 CV 8333 (LJL)] |
| | : | [rel 18 CV 3732 (LJL)] |
| THE CITY OF NEW YORK, et al., | | |
| Defendants. | : | **ORAL ARGUMENT REQUESTED** |

---------------------------------------------------------------X

**PLAINTIFFS 725 EATERY CORP. AND 689 EATERY CORP.'S RENEWED ALTERNATIVE CROSS MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS NOT ADDRESSED IN THEIR PREVIOUSLY FILED PARTIAL SUMMARY JUDGMENT MOTIONS**

_____

**PLEASE TAKE NOTICE** that Plaintiffs 725 Eatery Corp. and 689 Eatery Corp. ("Plaintiffs"), by and through counsel, hereby bring this Cross-Motion, pursuant to Fed. R. Civ. P. 56, for an order of Summary Judgment on all claims herein not already addressed in the Club Plaintiffs' Renewed Motions for Partial Summary Judgment filed in all four actions contemporaneously herewith. This motion is filed in the alternative to the claims in the Club Plaintiffs' Renewed Partial Summary Judgment motions and is submitted for adjudication only in the event that none of the injunctive relief sought in Plaintiffs' Renewed Partial Summary Judgment motions is granted.

Pursuant to F.R.Civ.P. 56(a), the following identifies each claim, or part of a claim, on which relief is hereby sought:

1. A declaration that the definitional changes of the 2001 Amendments, which subject 60/40 businesses to the zoning and locational restrictions on adult establishments, violate the free speech, due process and equal protection guarantees of the First and Fourteenth Amendments, for including, but not limited to, the following reasons:

    a. The 2001 Amendments did not adequately take into account what Justice Kennedy's controlling concurring opinion in *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 444-451 (2002), described as an "important part of the inquiry," specifically, "how speech will fare," *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. at 450.

    b. The 2001 Amendments do not comply with the test of proportionality established by Justice Kennedy's opinion in *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. at 444-451, *i.e.,* a balancing of the justification for an adult zoning ordinance with its impact on expression.

    c. The 2001 Amendments fail to meet the justification requirement imposed by the Plurality opinion in *Alameda Books.*

    d. The City has failed to demonstrate that the 2001 Amendments leave open adequate alternative locations for adult businesses which provide a "reasonable opportunity" to open and operate.

    e. The 2001 Amendments are inadequately justified content-based regulations of expression which violate the First and Fourteenth Amendments under the

test established in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015) and *City of Austin v. Reagan National Advertising*, ___ U.S. ___, 142 S.Ct. 1464 (2022).

2. A permanent injunction preventing Defendant and/or its officers, agents, attorneys and departments from enforcing the definitional changes of the 2001 Amendments which subject 60/40 businesses to the zoning and locational restrictions on adult establishments against Plaintiffs or any of its officers, managers, shareholders, members, agents, employees, performers, landlords, tenants, or anyone else in connection with Plaintiffs' Manhattan premises at 725 7th Avenue, New York, New York ("Platinum Dolls") and 689 8th Avenue New York, New York ("Satin Dolls").

3. Due solely to the impact on the *public's* access to expression, should the foregoing injunctive relief be denied, Plaintiffs seek a temporary injunction preventing enforcement of the mandatory termination provisions of the 2001 Amendments against the Club Plaintiffs for at least one full year after finality of any judgment which would allow enforcement of those provisions against them, based on the immediate impact which such enforcement would have on the public's right of access to constitutionally protected expression.

This motion is based on the City's failure to meet its burden of proof to demonstrate that the definitional changes to the 2001 Amendments to the NYC Zoning Resolution ("ZR") are constitutional and the alternative relief sought herein is based on the City's failure to demonstrate that immediate application of those Amendments following a final

judgment herein would not significantly and adversely affect the public's access to expression for at least a year following any such final judgment.

This motion is further supported by each of the following:

(1) Club Plaintiffs' Renewed Joint Memorandum of Law in Support of Their Alternative Cross Motion For Summary Judgment and Response in Opposition to City's Motion For Summary Judgment (filed contemporaneously herewith).

(2) Consolidated Statement of Stipulated Facts ("CSF") (filed in all four actions on May 19, 2023).

(3) Joint Request and Stipulations Regarding the Taking of Judicial Notice ("JNR") (filed in all four actions on May 9, 2022).

(4) Club Plaintiffs' Renewed Memorandum of Law in Support of Partial Summary Judgment Motions (filed contemporaneously herewith);

(5) Declaration of Michael Berzak in Support of Club Plaintiffs' Motion for Partial Summary Judgment (filed herein on September 16, 2022);

(6) Declaration of Keith Warech in Support of Club Plaintiffs' Motion for Partial Summary Judgment (filed herein on September 16, 2022);

(7) Plaintiffs' previously filed Plaintiffs' Joint Appendix ("PJA") (a 17-volume document filed herein on November 21, 2018) and Plaintiffs' Joint Reply Appendix ("PJRA") (a four-volume document filed herein on March 15, 2019), specifically including, but not limited to, the Declaration of Michael Berzak Regarding Adult Business Sites in Support of Plaintiffs' Motion for Preliminary Injunction (found in Tab A of Volume 1 of the PJA) and Declaration of Michael Berzak on Permitting Issues in Support of Club Plaintiffs' Motion for Preliminary Injunction (found in Tab B of Volume 4 of the PJA).

This motion will also be based on any additional papers filed in this action, as well as any argument or presentation that may be made at any hearing on this motion.

>Respectfully submitted,
>
> /s/ Jeffrey M. Nye
> JEFFREY M. NYE
> STAGNARO, SABA
> & PATTERSON CO., LPA
> 7373 Beechmont Avenue
> Cincinnati, OH 45230
> (513) 533-6714
> jmn@sspfirm.com
> *Lead Counsel for Plaintiffs in*
> *02 Civ 4431 (LJL)*