```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
689 EATERY CORP., etc. et ano.,                            :
                                                           :
                              Plaintiffs,                  :
            -v-                                            :     02-cv-4431 (LJL)
                                                           :
CITY OF NEW YORK, et al.,                                  :     MEMORANDUM & ORDER
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
-----------------------------------------------------------X
                                                           :
59 MURRAY ENTERPRISES, INC. etc., et ano.,                 :
                              Plaintiffs,                  :     02-cv-4432 (LJL)
            -v-                                            :
                                                           :     MEMORANDUM &
CITY OF NEW YORK, et al.,                                  :         ORDER
                                                           :
                              Defendants.                  :
-----------------------------------------------------------X
-----------------------------------------------------------X
                                                           :
CLUB AT 60TH STREET, et al.,                               :
                                                           :
                              Plaintiffs,                  :     02-cv-8333 (LJL)
                                                           :
            -v-                                            :     MEMORANDUM & ORDER
                                                           :
CITY OF NEW YORK,                                          :
                              Defendant.                   :
                                                           :
-----------------------------------------------------------X
-----------------------------------------------------------X
                                                           :
336 LLC, etc., et al.,                                     :
                              Plaintiffs,                  :
                                                           :     18-cv-3732 (LJL)
                                                           :
            -v-                                            :     MEMORANDUM & ORDER
                                                           :
CITY OF NEW YORK,         Defendant.                       :
                                                           :
                                                           :
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2023

──────────────────────────────────────────────────────────────X

LEWIS J. LIMAN, United States District Judge:

     A bench trial in this case is scheduled for November 15, 2023. Dkt. No. 234. Defendants move *in limine* to exclude evidence on the grounds of relevance. Dkt. No. 236. In particular, Defendants claim that the following evidence is irrelevant and should not be received: (1) evidence relating to the availability of alternative locations for adult establishments on a borough-by-borough level; (2) evidence regarding the commercial viability of alternative locations for adult entertainment; and (3) evidence relating to Plaintiffs' claim that the City of New York is required to conduct a new secondary effects study. Dkt. No. 237. The challenged evidence is in the form of selected paragraphs of the declarations and affidavits of several experts proffered by Plaintiffs as well as a small number of exhibits and a number of stipulated facts. *See, e.g.*, Dkt. No. 237 at 5 (Berzak and Kelly declarations); *id.* at 10 (Freeman declaration). In addition, Plaintiffs rely for these points on the testimony of certain of the Plaintiffs themselves. The declarations will be received as the direct testimony of the witnesses at the bench trial.

     This lawsuit involves a challenge to the constitutionality under the First Amendment of the 2001 Amendments to the New York City Zoning Resolution as those amendments apply to adult entertainment venues and adult bookstores. The amendments are currently the subject of a preliminary injunction. *See 725 Eatery Corp. v. City of New York*, 408 F. Supp. 3d 424 (S.D.N.Y. 2019). Plaintiffs seek to offer evidence regarding the effect of the amendments on the availability of adult entertainment in the borough of Manhattan as well as the absence of alternative commercially viable locations for adult entertainment. Defendants argue that the Plaintiffs' argument that the amendments should be judged by the effect of the availability of adult entertainment in Manhattan is foreclosed by, *inter alia*, the Second Circuit's decision in *Hickerson v. City of New York*, 146 F.3d 99, 108 n.5 (2d Cir. 1998), in which the court stated that the arguments that the First Amendment requires proof of adequate available sites on a borough-by-borough basis was "without foundation and unsupported by case law." Defendants further argue that Plaintiffs' commercial viability argument is foreclosed by *TJS of New York, Inc. v. Town of Smithtown*, 598 F.3d 17, 28 (2d Cir. 2010), in which the court held that "whether or not sites fit the specific needs of adult businesses—or any other precise type of commercial enterprise—is constitutionally irrelevant." Defendants contend that the claim that the City was required to conduct additional studies regarding the zoning law's effects on the types of establishments at issue here has been repeatedly rejected by the courts. Dkt. No. 237 at 9.

     "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Ulbricht*, 79 F. Supp. 3d 466, 478 (S.D.N.Y. 2015) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "The trial court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *United States v.*

*Ozsusamlar*, 428 F. Supp. 2d 161, 164–65 (S.D.N.Y. 2006)); *see also King v. Wang*, 2021 WL 5232454, at *1 (S.D.N.Y. Nov. 9, 2021).

"The definition of relevance under Fed. R. Evid. 401 is very broad, and as a result, the standard for relevance is very low.  So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Jones*, 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018) (cleaned up).  Importantly, "[t]he standards for relevance and prejudice operate differently in bench trials than in jury trials." *Rekor Sys., Inc. v. Loughlin*, 2023 WL 1777248, at *4 (S.D.N.Y. Feb. 6, 2023).  "The risk of the admission of irrelevant evidence in a bench trial is that it will prolong the proceedings; the risk of its exclusion is that the Court will court error and make a decision on an incomplete record." *Howard Univ. v. Borders*, 2022 WL 3568477, at *7 (S.D.N.Y. Aug. 17, 2022); *see Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) ("While standards for admissible evidence are not out the window entirely in a bench trial, all doubts at a bench trial should be resolved in favor of admissibility." (internal quotation marks omitted omitted)); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2885 (3d ed. 2023) ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence.").

Defendants' motion *in limine* is denied.  The Court cannot say at this point that the evidence proffered by Plaintiffs is clearly inadmissible.  Equally importantly, receipt of the proffered evidence will not lead to undue delay or the unnecessary expenditure of judicial resources on the part of the Court, or undue expense for the Defendants.  At issue are only a few paragraphs of declarations and affidavits, and six of dozens of exhibits.  The facts, for the most part, are not disputed and any cross-examinations are not expected to be lengthy.  The issues raised by the Defendants are primarily legal ones and not factual ones.  Receipt of the evidence will help give the Court a complete picture of the effect of the 2001 Amendments.  Exclusion of the evidence could only generate an unnecessary issue on what may be the inevitable appeal of a decision in this case, regardless of the results reached by the Court.

SO ORDERED.

Date: October 23, 2023

LEWIS J. LIMAN
United States District Judge